```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    HATTIESBURG DIVISION
```

PATRICK DUCKSWORTH, #K8592                                PLAINTIFF

VERSUS                             CIVIL ACTION NO. 2:11-CV-127-KS-MTP

LT. PLATT, et al.                                        DEFENDANTS

## MEMORANDUM OPINION and ORDER

Plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), incarcerated at the Wilkinson County Correctional Facility (WCCF), Woodville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983 on June 14, 2011. The named Defendants are: Lieutenant Platt, Captain Enler, and Lt. Brown. As relief, Plaintiff is seeking that the Rules Violation Report (RVR) be dismissed and expunged from his records and that he receive $50,000.00 in punitive damages.

Plaintiff states that Defendant Enler incorrectly reported an assault which occurred on January 5, 2011. Resp. [11] p. 2. As a result, Plaintiff was issued and found guilty of RVR #1140363 for assaulting another inmate. Compl. [1] p. 4 and Resp. [11] p. 2. In his response [11], Plaintiff states that he was one of nineteen inmates charged with a RVR for assaulting inmate Kelvin Turner. According to Plaintiff, Defendant Enler issued a RVR to "all organization members of Gangster Disciples." Resp. [11] p. 1. Plaintiff acknowledges that he is a member of the Gangster Disciples, but goes on to state that he is no longer an "active member." *Id.* at p. 2. Even though Defendant Brown conducted an

investigation, Plaintiff contends that is was not properly done. *Id.* at p.3. The disciplinary hearing was subsequently conducted by Defendant Platt. *Id*.

In his complaint [1] and response [11], Plaintiff states he was not notified prior to the disciplinary hearing and was not present for his disciplinary hearing. Furthermore, there was no evidence or testimony to support a finding that Plaintiff was guilty of RVR #1140363. Compl. [1] and Resp. [11]. Even though Plaintiff contends that he is "totally innocent" of the assault charge, he was found guilty of RVR #140363 for assaulting another inmate and as punishment, his classification was reduced to "C" custody, he was restricted from all privileges for two months and he was placed in lock-down. Resp. [11] at p. 4. Finally, Plaintiff claims that Defendants Enler, Platt and Brown failed to comply with the rules and policies of the MDOC concerning RVR #1140363. *Id.* at pp. 2-4.

This Court entered an order [12] on August 31, 2011, directing Plaintiff to provide additional information concerning his claim relating to being placed in lock-down. According to his response [14], Plaintiff is required to serve one year in lock-down in "C" custody as a result of RVR #1140363. After being classified as "C" custody for a year, Plaintiff states his custody classification will be upgraded to "B" custody. Resp. [14].

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  This Court entered an order [8] on June 23, 2011, granting Plaintiff's motion to proceed *in forma pauperis*; thus, his complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States and that the person depriving plaintiff of this right acted under color of any statute of the State.  *West v. Atkins*, 487 U.S. 42, 48, (1988); *Resident Council of Allen Parkway Village v. United States Depot of Hour. & Urban Dev*., 980 F.2d 1043, 1050 (5th Cir.), c*ert. denied*, 510 U.S. 820 (1993).  For the reasons stated below, the Court has determined that Plaintiff's allegations do not rise to the level of a constitutional deprivation.

Plaintiff states in his complaint [1] that his due process rights were violated when he was issued RVR #1140363 and when, after a disciplinary hearing, was found guilty of the offense.

A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner.  *Id.* at 478.  As discussed below, Plaintiff's punishment, the reduction from "B" custody to "C" custody for one year, loss of privileges for two months and being placed in lock-down, does not implicate due process concerns.  *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000)(holding that the loss of "commissary privileges and cell restriction do not implicate due process concerns"); *see also Meacham v. Fano*, 427 U.S. 215 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995)(deciding that a prison inmate does not have a protectable liberty interest in his custodial classification); *Tubwell v. Griffith*, 742 F.2d 250 (5th Cir. 1984)(holding that the Mississippi state classification statues, Mississippi Code Annotated § 47-5-99 to 47-5-103 (1972), do not create an expectation of any particular classification.).  *See also Wilkinson v. Austin*, 545 U.S. 209, 221(2005)("the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement"); *Hernandez v. Velasquez*, 522 F.3d 556, 562-63 (5th Cir.

2008)(quoting *Pichardo v. Kinker*, 73 F.3d 612-13 (5th Cir. 1996)(holding that "absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life as a prisoner, will never be a ground for a constitutional claim").[1]  Therefore, his due process claims relating to #1140363 is frivolous and cannot be maintained.[2]

As for Defendants Platt, Enler and Brown, Plaintiff cannot succeed in this section 1983 civil action against these defendants concerning RVR #1140363.  Because there is no underlying due process violation relating to Plaintiff's disciplinary proceeding for RVR #1140363, he cannot maintain this civil action against the named defendants.  *See Wade v. Thomas*, 48 F. App'x 918, 2002 WL 31115172, at *1 (5th Cir. Sept. 19, 2002)(citing *Becerra v. Asher*, 105 F.3d 1042, 1047-48 (5th Cir. 1997)).  Consequently, Plaintiff's claims against Defendants Platt, Enler and Brown are frivolous and should be dismissed.

Plaintiff also complains that his due process rights were violated by Defendants Platt, Enler and Brown when they failed to comply with the MDOC policies and procedures.  Resp. [11].  This

---

[1] The United States Court of Appeals for the Fifth Circuit in *Hernandez v. Velasquez*, 552 F.3d 556 (5th Cir. 2008) held that being housed in lock-down for twelve months without being subjected to "atypical" hardships does not imply a due process claim.  In his complaint [1] and responses [11 & 14], Plaintiff does not indicate that his conditions of confinement are "extraordinary."

[2] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law.  *See, e.g., Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

allegation, without more, simply does not rise to a level of constitutional deprivation. *Jones v. Hudnell*, 210 F. App'x 427, 428 (5th Cir. 2006)(deciding "[a] violation of prison regulations, without more, does not give rise to a federal constitutional violation")(*citing Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)). The law is clear that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process." *Stanley v. Foster,* 464 F.3d 565, 569 (5th Cir. 2006)(citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996)). Therefore, Plaintiff's claim that Defendants have failed to follow the policies and procedures of MDOC concerning RVR #1140636 does not rise to a level of constitutional deprivation.

## CONCLUSION

As explained above, Plaintiff's claims do not implicate due process concerns. Therefore, since Plaintiff's claims relating to RVR #1140363 as well as his claims against Defendants Platt, Enler and Brown are frivolous, this complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), with prejudice.

Since this case is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), it will be counted as a "strike." See 28 U.S.C. § 1915(g). If Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and required to pay the

full filing fee to file a civil action or appeal.

    A Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

    SO ORDERED this the <u>11th</u> day of October, 2011.

                                            *s/Keith Starrett*
                                          UNITED STATES DISTRICT JUDGE